UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD SATISH EMRIT,

      Plaintiff,

      v.

BARACK HUSSEIN OBAMA, et al.,

      Defendants.

No. 26-cv-11216-JDH

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ORDER FOR REASSIGNMENT, AND REPORT AND RECOMMENDATION**

HEDGES, M.J.

*Pro se* plaintiff Ronald Satish Emrit has filed a civil complaint and an application to proceed in district court without prepaying fees or costs (which the Court will refer to as a motion for leave to proceed *in forma pauperis*).  For the reasons stated below, I allow the motion for leave to proceed *in forma pauperis*, order that this action be reassigned to a District Judge, and recommend to the District Judge that this action be dismissed as frivolous.[1]

---

[1] As a preliminary matter, I note that the Court retains jurisdiction over this case notwithstanding Mr. Emrit's most recent filing of a notice of appeal.  Docket No. 4.  In general, "the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal." *Acevedo-Barcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004).  However, "the district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)." *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 96 (1st Cir. 2003) (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)).  In this case, there is no question that Mr. Emrit's notice of appeal is patently defective because the Court has issued no orders in this matter.  The Court therefore retains complete jurisdiction over the action.

## I.      Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Mr. Emrit's motion for leave to proceed *in forma pauperis*, I conclude that he has adequately shown that he is eligible for a waiver of the filing fee.  Accordingly, the motion is GRANTED.

## II.      Order for Reassignment

Pursuant to a Standing Order of this Court, a case may be randomly assigned, at the time of filing, to a Magistrate Judge.  However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action.  *See* 28 U.S.C. § 636(b)(1)(A).

As set forth below, I conclude that this action is subject to dismissal.  Because the parties have not consented to the final assignment of this case to a Magistrate Judge, I order that this action be reassigned to a District Judge.

## III.     Report and Recommendation

Because Mr. Emrit is proceeding *in forma pauperis*, his complaint is subject to a preliminary review, and the Court may dismiss any claim that is frivolous or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### A.     Mr. Emrit's Claims

Mr. Emrit asserts that he "is bringing forth this complaint for 500 billion dollars for the commission of the torts of public nuisance, and tortious interference."  Docket No. 1 at 1.  He names as defendants former president Barack Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Supreme Court Justice Ketanji Brown Jackson, former Prince Andrew of the Windsors, and British Prime Minister Keir Starmer.

2

Mr. Emrit alleges that he is "an independent presidential candidate who is a supporter of President Donald J. Trump, Vice President JD Vance, and Secretary of State Marco Rubio." Docket No. 1 ¶ 22.  Mr. Emrit represents that, in 2016, he ran for president as "Presidential Candidate # P60005535."  *Id.* ¶ 24.  Mr. Emrit claims that, during that candidacy, he was interviewed by Craig Tomashoff, whom he identifies as "the senior producer of the Kelly Clarkson Show."  *Id.*  According to Mr. Emrit, he and Mr. Tomashoff visited the United States District Court for the District of Neveda in Las Vegas "where the plaintiff showed him a document uploaded to PACER on a public computer indicating that Florida Secretary of State Ken Detzner and Kristi Reid-Bronson from his office at the RA Gray Building in Tallahassee sent the plaintiff a letter indicating that he would be placed on the ballot in Florida for the 2016 election."  *Id.* ¶ 26.

The complaint asserts four counts.  In Count One, titled "Defamation (Libel and Slander)," Mr. Emrit brings a claim against President Obama for "defaming the current president by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy."  *Id.* ¶ 27.  In Count Two, Mr. Emrit brings a claim for "Public Nuisance" against President Obama for "trying to remain relevant to the modern-day political conversation."  *Id.* ¶ 28.  Count Three is a claim for "Industrial Espionage," in which Mr. Emrit claims that "companies which feature President … Obama … on their podcasts or through interviews are committing the tort of industrial espionage."  *Id.* ¶ 29.  In Count Four, Mr. Emrit brings a claim for "Tortious Interference with Business Relations/Contracts," alleging that "companies which feature President …Obama … on their channel's interviews and/or podcasts are committing the tortious interference with business relations/contacts under the Federal Tort Claims Act (FTCA)."  *Id.* ¶ 30.

In his prayer for relief, Mr. Emrit seeks $500,000,000,000 in damages "through joint and several liability whereby the defendants would presumably seek contribution and indemnity from each other through the filing of cross-claims." *Id.* at 6. Mr. Emrit also seeks an order enjoining the defendants "from advertising to the plaintiff on Cable TV broadcasts" and a declaratory judgment that "advertising with artificial intelligence (AI) and algorithms to spy on consumers for purposes of increasing the company's stock price . . . is an Antitrust violation perhaps involving the misdemeanors of trespass, stalking, harassment, and maybe voyeurism. . . ." *Id.* at 6-7.

**B.      Discussion**

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that is based on an "indisputably meritless legal theory" lacks an arguable basis in law. *Id.* at 327.

Here, Mr. Emrit's complaint is frivolous because it lacks an arguable basis in law and in fact. All the claims against President Obama are based on "indisputably meritless" legal theories because the alleged conduct by President Obama (or companies broadcasting his interviews and podcasts) does not constitute defamation, public nuisance, industrial espionage, tortious interference with business relations/contracts, or any other tort. Any claims against the other defendants lack an arguable basis in law and in fact, as Mr. Emrit does not make any factual allegations concerning these defendants.

**IV.     Conclusion**

In accordance with the foregoing:

1.      The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      The Clerk shall reassign the case to a District Judge.

3.    I RECOMMEND to the District Judge that this action be dismissed as frivolous.[2]

SO ORDERED.

Dated: April 9, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

[2] The parties are advised that under the provisions of Federal Rule Civil Procedure 72(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168 (1st Cir. 2016); *see also Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b).